UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 16, 2018

LETTER TO COUNSEL

RE: *Pamela Ruth Duvall v. Commissioner, Social Security Administration*;
Civil No. SAG-17-714

Dear Counsel:

On March 15, 2017, Plaintiff Pamela Ruth Duvall petitioned this Court to review the Social Security Administration's final decision to deny her claim for benefits. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. [ECF Nos. 16, 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Duvall protectively filed a claim for Disability Insurance Benefits on April 2, 2013, alleging a disability onset date of June 6, 2012. (Tr. 136-42). Her claim was denied initially and on reconsideration. (Tr. 58-66, 68-77, 79-82, 87-88). A hearing was held on August 25, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 26-57). Following the hearing, the ALJ determined that Ms. Duvall was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 9-25). The Appeals Council ("AC") denied Ms. Duvall's request for further review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Duvall suffered from the severe impairments of "bipolar disorder and depression." (Tr. 14). Despite these impairments, the ALJ determined that Ms. Duvall retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: because of her mental impairments, she can perform jobs consisting of unskilled, routine and repetitive tasks; involving only simple, work-related decisions; with only occasional changes in the routine work setting; with only occasional interactions with supervisors, coworkers and the public; and she can sustain concentration and attention for at least 2 hour increments with normal breaks.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Duvall could perform several jobs existing in the national economy, and therefore was not disabled. (Tr. 20-21).

Ms. Duvall raises two arguments on appeal: (1) that the ALJ erred at step three of the sequential evaluation by failing to evaluate whether her impairments met or equaled the criteria set forth in Listing 12.05C; and (2) that the ALJ's decision runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl. Mot. 8-22. I agree that the ALJ should have identified and evaluated Listing 12.05C, given the other findings the ALJ made throughout his decision. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Duvall is not entitled to benefits is correct.

To satisfy Listing 12.05, a claimant must meet the criteria of the introductory paragraph and one of four subsections, identified as subsections A, B, C, or D. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05 (2015); *see also Jackson v. Astrue*, 467 F. App'x 214, 217 (4th Cir. 2012). The introductory paragraph of Listing 12.05 requires a showing of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05. Deficits in adaptive functioning may include "limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Jackson*, 467 F. App'x at 218. Relevant to the instant case, subsection C of Listing 12.05 requires a showing of two distinct prongs: (1) "[a] valid verbal, performance, or full scale IQ of 60 through 70;" and (2) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05(C).

In this case, by the ALJ's own findings, there is ample evidence regarding each of the criteria of Listing 12.05C, such that the listing should have been discussed in detail. First, the ALJ found that Ms. Duvall has a "limited education," (Tr. 20), and that she has moderate difficulties in two specific areas of adaptive functioning: social functioning and concentration, persistence or pace, (Tr. 15). The finding regarding Ms. Duvall's education suggests that her issues may have manifested before age 22, at least to the extent required to identify and discuss Listing 12.05. As to the remaining two factors, the ALJ found that a medical provider had opined that Ms. Duvall had a valid IQ score of 63, and that Ms. Duvall suffers from bipolar disorder and depression, which are mental impairments imposing an additional and significant limitation on her work-related functioning. (Tr. 14, 18). Thus, without opining as to whether or not Ms. Duvall's impairments meet or equal all of the listing criteria, it is evident by the ALJ's opinion that Listing 12.05C should have been identified and analyzed. *See Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the

claimant's impairment meets or equals one of the listed impairments"). Accordingly, remand is appropriate to permit that analysis.

As a result of the remand to address Listing 12.05C, I need not determine whether the ALJ's RFC assessment comported with *Mascio*. On remand, the ALJ should also consider whether additional limitations or explanations are necessary to address Ms. Duvall's difficulties with concentration, persistence, or pace.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment [ECF No. 16] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 17] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge